GEORGE S. ELLIS & another *vs.* WILLIAM PULSIFER & others.

The president of a corporation is not personally liable on a bond in the following form: "Know all men by these presents that the Appleton Mutual Fire Insurance Company, by W. P., president of said company, as principal, and J. M. and S. M. as sureties, are held and firmly bound," &c. "To which payment, well and truly to be made, we do bind ourselves, our heirs, executors and administrators, and every of them, firmly by these presents. Sealed with our seals." "W P., President. (Seal.) J. M. (Seal.)

S. M. (Seal.)" And an action alleging a joint execution of such bond by the president and the sureties cannot be maintained.

*It seems* that no action will lie upon a bond given by a plaintiff in review, with condition to pay to the defendant in review the sum for which judgment was rendered with interest and costs, "in case the former judgment shall be affirmed in full or in part, and the sum for which judgment shall be rendered, if the said judgment shall be affirmed in part," if the record of the proceedings on the writ of review does not show that the former judgment was affirmed in full or in part, but simply a judgment that the defendant in review recover his costs of suit.

CONTRACT against William Pulsifer, Ichabod Macomber and Stephen Miller, upon the bond which is copied in the margin.*

---

\* " Know all men by these presents, that the Appleton Mutual Fire Insurance Company, by William Pulsifer, president of said company, as principal, and Ichabod Macomber, of Boston, in the county of Suffolk, and Stephen Miller, of Cambridge, in the county of Middlesex, joiner, as sureties, are held and firmly bound unto George S. Ellis, of the State of Iowa, and John H. Slocum, of Fairfield, in the State of Maine, in the sum of two thousand dollars, to be paid unto the said Ellis and Slocum, their executors, administrators and assigns, to which payment, well and truly to be made, we do bind ourselves, our heirs, executors and administrators, and every of them firmly by these presents. Sealed with our seals. Dated the twenty-first day of November, A. D. 1854.

" The condition of the above obligation is such, that whereas, at the court of common pleas, holden at Boston, within and for the county of Suffolk, on the twentieth day of October last past, the said Ellis and Slocum recovered judgment against the said Appleton Mutual Fire Insurance Company, for the sum of nine hundred and two dollars, damages, and costs of suit taxed at nine dollars and seventy eight cents, and thereafter the said court, at its term holden at Boston aforesaid, on the petition of said Appleton Mutual Fire Insurance Company, after a hearing thereon, granted to said company a writ of review of the said action, on condition that they should give a bond to the said Ellis and Slocum, in the penal sum above herein named, with sureties to be approved by said court, conditioned as hereinafter stated, and thereupon the above bounden Macomber and Miller were proposed as sureties on said bond, and as such approved by said court; now the condition of this obligation is such, that if the above bound Appleton Mutual Fire Insurance Company shall sue out and prosecute to effect a writ of review of the action on which said judgment was rendered, commencing the same to be entered at the next term of said court to be holden at Boston aforesaid, and shall answer and pay to the said Ellis and Slocum the sums for which judgment was rendered as aforesaid with interest thereon at and after the rate of six per cent. per annum, with additional damages and costs, in case the former judgment shall be affirmed in full or in part, and the sum for which judgment shall be rendered, if the said judgment shall be affirmed in part, or if the

The declaration alleged, among other things, that the defendants executed the bond to the plaintiffs; and that the judgment therein referred to had been affirmed in full, as by the record thereof remaining in the same court appeared. An additional count, subsequently filed, alleged that Pulsifer was personally liable with the other defendants upon the bond.

At the trial in the superior court, before *Vose,* J., the execution of the bond was admitted; and the plaintiffs introduced in evidence the record of the judgment upon the writ of review, which recited that the plaintiffs in review became nonsuit, and concluded thus: " It is therefore considered by the court, on the second day of July, A. D. 1858, that the defendants, Ellis and Slocum, recover of the Appleton Mutual Fire Insurance Com pany, plaintiffs, their costs of suit, taxed at one hundred sixteen dollars and ten cents. Execution, July 3, 1858."

By direction of the judge, a verdict was taken for the plaintiffs, and the case reported for the determination of this court.

*J. S. Abbott,* for the plaintiffs. The bond was intended to bind the individual signers, and not the company. This is shown by the reference to heirs, executors and administrators, and by the language " we bind ourselves," " sealed with our seals," and " we have set our hands and seals." *Seaver* v. *Coburn,* 10 Cush. 324. *Brinley* v. *Mann,* 2 Cush. 337. The signatures of Macomber and Miller are after that of Pulsifer, and they knew the form in which he had signed, and cannot now object that the bond was not executed by the company. The judgment for costs upon the nonsuit leaves the original judgment in full force, and substantially affirmed.

*W. L. Burt,* for the defendants.

former judgment shall be wholly reversed and annulled, then this obligation shall be void and of no effect; otherwise to remain in full force and virtue in law.

" In witness whereof we have set our hands and seals this 21st day of Nov. A. D. 1854.           " Wm. Pulsifer, *Pres't.* (Seal.)

                                          " Ichabod Macomber,

                                          " Stephen Miller."

DEWEY, J. This verdict for the plaintiffs cannot be main-tained. 1. The defendant Pulsifer is not personally chargeable as the principal, or a party to the bond given to prosecute the writ of review. *Abby* v. *Chase*, 6 Cush. 54.

2. In the present state of the pleadings, the defendants were improperly joined. If the parties Macomber and Miller are liable at all, it must be as sureties upon a bond executed by the Appleton Mutual Fire Insurance Company as principals. If an amendment be made by introducing that company as de-fendants, the question must then arise whether the bond is legally executed by them, upon which we give no opinion.

3. If the action were before us upon a case with proper par-ties, there would seem to be the further difficulty of charging the defendants, upon the present state of the record, in the pro-ceedings on the writ of review. By the terms of the bond, the obligors were to pay to the plaintiffs the sum for which judg-ment was rendered in the original action, with interest, and ad-ditional damages and costs, " in case the former judgment shall be affirmed in full or in part." The record shows no such judg-ment of affirmation, but only a judgment for costs in favor of the defendants in review.

*Verdict for the plaintiffs set aside.*